UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN DODD and
MARY ANNE FORD
    Plaintiffs,

v.                            CASE No. 8:18-CV-1352-T-23TGW

SAM JENKINS and
LEAPS Program
    Defendants.

## REPORT AND RECOMMENDATION

This cause came on for consideration upon plaintiff Brian Dodd's Motion to Proceed In Forma Pauperis pursuant to 28 U.S.C. § 1915 (Doc. 2). Dodd asserts in his First Amended Complaint conclusory allegations of disability discrimination and breach of an EEOC settlement.

The district court dismissed Dodd's original complaint for failure to comply with the Federal Rules of Civil Procedure, but with leave to file an amended pleading (Doc. 2). Because the First Amended Complaint (Doc. 4) does not remedy the deficiencies identified by the court, I recommend that the lawsuit be dismissed with prejudice.

Initially, it is noted that the caption of the amended complaint identifies a second plaintiff, Mary Anne Ford. However, Ford has neither

signed the amended complaint, nor submitted an application to proceed <u>in forma pauperis</u>. Furthermore, there are no factual allegations concerning Ford in the amended complaint.[1] Therefore, on these grounds alone, this lawsuit may not proceed. <u>See</u> Rule 11(a), F.R.Civ.P; 28 U.S.C. 1915.

Furthermore, the amended complaint does not, as District Judge Steven D. Merryday directed, "include a 'short and plain' statement of allegations of fact about the 'employment discrimination'" (Doc. 2). Dodd asserts claims of disability discrimination and breach of contract devoid of facts that state a cognizable claim.[2] <u>See</u> <u>Bell Atlantic Corp.</u> v. <u>Twombly</u>, 550 U.S. 544, 555 (2007)("a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); <u>Watts</u> v. <u>Florida International University</u>, 495 F.3d 1289, 1295-96 (11th Cir. 2007)(examining whether the factual allegations provide "plausible grounds to infer" a required element of the claim).

---

[1] The complaint does not indicate Ford's relationship to Dodd. She is incorrectly identified in another filing as an "intervening party" (Doc. 3, p. 1).

[2] Dodd also asserts the frivolous claim that this case involves a "federal or international treaty" but he "is not permitted by law to reveal the treaty name" (Doc. 4, p. 3).

Thus, Dodd identifies himself as a disabled individual, without identifying his disability (or disabilities)(Doc. 4). He also does not attach, nor identify the contents of, the "EEOC Settlements" that were allegedly breached by the defendants. Dodd also asserts that he was denied reasonable accommodations (Doc. 4, p. 6), but does not identify any such accommodation, or even properly allege that the defendants are subject to the ADA. In sum, the plaintiff's First Amended Complaint is fatally deficient. See Bell Atlantic Corp. v. Twombly, supra; Watts v. Florida International University, supra.

For the foregoing reasons, I recommend that Dodd's First Amended Complaint be dismissed. See 28 U.S.C. 1915(e)(2)(B)(ii). Furthermore, because he has already been afforded an opportunity to correct those deficiencies, but has not done so, I recommend that the lawsuit be dismissed with prejudice, and the case closed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: SEPTEMBER 18, 2018

## NOTICE TO PARTY

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).